UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOISES SANDOVAL, MANUEL SANDOVAL, SALEH ALDAILAM, EMILIO TORRES, and FOUSSEYNOU DIALLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>GALAXY GENERAL CONTRACTING CORP., S & Z CONSTRUCTION CORP., MORNINGSIDE BUILDERS LLC, PUTNAM-DEEGAN L.P., STEVE ZERVOUDIS, and JOHN DOE BONDING COMPANIES 1 THROUGH 20,<br><br>Defendants. | 10 Civ. 5771 (PGG)<br><br>IMPLEMENTING ORDER PRELIMINARILY APPROVING THE PROPOSED SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT AND CLAIM FORM AND RELEASE |

The above-entitled matter came before the Court for Preliminary Approval of Settlement, Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel and Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Claim Form and Release.

**I.    Preliminary Approval of Settlement**

1.    Based upon the Court's review of the Affirmation of Lloyd Ambinder ("Ambinder Affirmation"), and all other papers submitted in connection with this Implementing Order for Preliminary Approval, the Court grants preliminary approval of the Settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement).

2.    The Court hereby approves the notice to the Class attached to this Order.

3.    The Court hereby approves the Claim Form and Release attached to this Order.

4.    The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/13

## II. Conditional Certification of the Proposed Rule 23 Settlement Class

1. The Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes ("Settlement Class") as:

> Each current and former employee of Galaxy General Contracting Corp., S&Z Construction Corp., Morningside Builders, LLC, Putnam-Deegan L.P. and/or Steve Zervoudis who is/was employed in the position of security guard and/or construction worker from July 30, 2004 to July 31, 2010. Managers, supervisors, officers, executives, managerial or administrative personnel are not part of this group.

2. Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

3. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are no fewer than 320 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("numerosity is presumed at a level of 40 members").

4. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the Class Members share common issues of fact and law, including whether Plaintiffs were properly paid minimum wages and overtime compensation for all hours worked in excess of forty (40) in a regular seven consecutive day workweek.

5. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the Class Members' claims.

6. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs' interests are not adverse to or at odds with those of the Class Members.

7. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among

Class Members.

### III. Appointment of Plaintiffs' Counsel as Class Counsel

1. The Court appoints Lloyd Ambinder, Esq., of Virginia & Ambinder, LLP, located at 111 Broadway, Suite 1403, New York, New York 10006, telephone number (212) 943-9080, and Steven Arenson, Esq., of Arenson Dittmar & Karban, located at 295 Madison Avenue, Suite 700, New York, New York 10017, telephone number (212) 490-3600, as Class Counsel because Virginia & Ambinder, LLP and Arenson Dittmar & Karban meet all of the requirements of Federal Rule of Civil Procedure 23(g).

2. Class Counsel did substantial work identifying, investigating, and settling Plaintiffs' and the Class Members' claims.

3. Class Counsel have experience prosecuting and settling employment class actions, including wage-and-hour class actions and are well-versed in wage-and-hour law and in class action law. The work that Class Counsel has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

### IV. Class Notice

1. The Court approves the Notice of Proposed Class Action Settlement ("Notice"), and Claim Form and Release ("Claim Form") attached to this Order and directs its distribution to the Class.

2. The Notice shall be distributed to the Class in English, Arabic and in Spanish.

3. The content of the Notice fully complies with due process and Federal Rule of Civil Procedure 23.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The

notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

17. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement.

## V. Class Action Settlement Procedure

The Court hereby sets the following settlement procedure:

| | |
|---|---|
| 30 days after entry of Implementing Order:<br>*DATE: May 30, 2013* | Mailing of Class Notice. |
| 45 days after date of mailing of Notice of Proposed Class Action Settlement:<br>*DATE: July 15, 2013* | Last day for Class Members to "opt out" of the Settlement or to submit written objections to the Settlement. |
| 45 days after date of mailing of Notice of Proposed Class Action Settlement:<br>*DATE: July 15, 2013* | Last day for Class Members to qualify as a Claimant by filing claim form to join the settlement. |
| 10 days prior to Fairness Hearing<br>*DATE: August 5, 2013* | Date for parties to file proposed Final Order, summary of claims made and application in support of proposed Final Settlement. |
| *DATE: August 15, 2013* | Final Settlement approval hearing ("Fairness Hearing"). |

It is so ORDERED this 29th day of April, 2013.

_____
Hon. Paul G. Gardephe, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOISES SANDOVAL, MANUEL SANDOVAL, SALEH ALDAILAM, EMILIO TORRES, and FOUSSEYNOU DIALLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>GALAXY GENERAL CONTRACTING CORP., S & Z CONSTRUCTION CORP., MORNINGSIDE BUILDERS LLC, PUTNAM-DEEGAN L.P., STEVE ZERVOUDIS, and JOHN DOE BONDING COMPANIES 1 THROUGH 20,<br><br>Defendants. | 10 Civ. 5771 (PGG)<br><br>**NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT**<br><br>**IMPORTANT NOTICE ADVISING YOU OF YOUR LEGAL RIGHTS** |

TO: Each current and former employee of Galaxy General Contracting Corp., S&Z Construction Corp., Morningside Builders, LLC, Putnam-Deegan L.P. and/or Steve Zervoudis who is/was employed in the position of security guard and/or construction worker from July 30, 2004 to July 31, 2010. Managers, supervisors, officers, executives, managerial or administrative personnel are not part of this group.

## PLEASE READ THIS NOTICE CAREFULLY

This Notice relates to a proposed settlement of class and collective action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement, and to make a claim for payment or elect not to be included in the class.

Plaintiffs Moises Sandoval, Manuel Sandoval, Saleh Aldailam, Emilio Torres and Fousseynou Diallo ("Plaintiffs") and Defendants Galaxy General Contracting Corp., S&Z Construction Corp., Morningside Builders, LLC, Putnam-Deegan L.P. and Steve Zervoudis ("Defendants") have agreed to settle the action subject to the approval of the United States District Court for the Southern District of New York, the Honorable Paul G. Gardephe, U.S.D.J., presiding (the "Court"). Defendants have agreed to a settlement fund in the maximum amount of $2,218,320.00, including attorneys' fees and costs. The Court has not decided who is right and who is wrong in this lawsuit. Your legal rights may be affected, and you now have to make a choice. These rights and options are summarized below and fully explained in this Notice.

## ABOUT THIS LAWSUIT

The named Plaintiffs are former employees of Galaxy General Contracting Corp. ("Galaxy") who have brought this lawsuit under the federal Fair Labor Standards Act ("FLSA") and under the New York Labor Law on behalf of themselves and all other potentially "similarly situated" current and former security guards and construction workers who worked for Galaxy. This lawsuit seeks the payment of wages and overtime pay (for all hours worked in excess of forty (40) hours per week) allegedly owed to current and former employees of Galaxy.

The Defendants vigorously deny the allegations of unlawful pay practices in violation of the FLSA and the New York State Labor Law. The Defendants contend that they maintained time records for all hours worked by Plaintiffs and paid Plaintiffs in compliance with the FLSA and the New York State Labor Law at all

1

times.

This Notice and its contents have been authorized by the Court. Although the Court has authorized Plaintiffs' counsel to send this notice, the Court takes no position regarding the merits of Plaintiffs' claims or of the Defendants' defenses. Plaintiffs' claims and the claims of any person who joins this lawsuit may be subject to later dismissal if the Court finds that the claims lack merit or that this lawsuit cannot be litigated on a collective basis. You are under no obligation to respond to this notice.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| SUBMIT A CLAIM | As described more fully below, to participate in the settlement send a properly completed Claim Form and Release ("Claim Form") to the Settlement Claims Administrator. Your Claim Form must be mailed and post-marked by [45 days from mailing date]. If you fail to mail a timely Claim Form post-marked by [45 days from mailing date], you will receive no monetary distribution from the settlement. |
| EXCLUDE YOURSELF | If you wish to exclude yourself from the lawsuit, you must follow the directions outlined in response to question 6 below. |
| OBJECT | You must write to the Court as outlined in response to question 11 below, and appear in the Courthouse on the date of the Fairness Hearing if you wish to express your objection to the proposed settlement. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under New York Law unless you submit a valid and timely Request for Exclusion. You will not be bound by the settlement if you exclude yourself as described herein. |

### 1. Why did I receive this notice?

You have received this notice because Defendants' records show that you worked as a construction worker or security guard for Galaxy during the relevant time period.

### 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Paul G. Gardephe, United States District Court for the Southern District of New York, is presiding over this class action. In this case, Moises Sandoval, Manuel Sandoval, Saleh Aldailam, Emilio Torres and Fousseynou Diallo claim that the company failed to pay them and Class Members overtime wages when they worked over forty (40) hours in a week.

### 3. Why is there a settlement?

Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against Defendants in this lawsuit, investigated Defendants' pertinent payroll policies, engaged in motion practice, participated in both private and court-sponsored mediation, analyzed thousands of pages of payroll data for Plaintiffs and a significant sample of the workers and evaluated Defendants' ability to pay a judgment. Based upon their analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the lawsuit, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs' Counsel entered into this proposed settlement. The Plaintiffs and other members of the Class have already informed Plaintiffs' Counsel of their satisfaction with the proposed terms of settlement. Plaintiffs' Counsel is satisfied that the terms and conditions of this settlement are therefore fair, reasonable and adequate, and that this settlement is

2

in the best interest of the Named Plaintiffs and Class Members. Your estimated portion of the settlement will be based on a percentage of the gross wages paid to you during the years July 30, 2004 to July 31, 2010.

### 4. What is my proposed settlement amount?

Individual Employee Settlement Allocations are based on an audit conducted by Counsel for Plaintiffs and Defendants (the "Sample Audit") as follows:

(A) <u>FLSA Claimants</u>: Employees who worked as construction workers and security guards and previously filed a Consent to Join form electing to participate in the Fair Labor Standards Act component of this Action shall be entitled to a fixed settlement payment based upon the Sample Audit. Such fixed payments were determined based on the employee's hours worked, regular rate of pay and absence of records demonstrating that work in excess of forty hours within a designated work week was compensated at premium pay.

(B) <u>New York State Labor Law Claimants</u>: All remaining construction workers and security guards shall be entitled to participate in this settlement by filing the enclosed "Claim Form." If you choose to do so, your settlement allocation shall be equal to ten percent (10%) of the gross wages set forth on the W-2 Forms issued by Galaxy General Contracting Corp. to you from **July 30, 2004 to July 31, 2010.**

**If you already filed a Consent to Join form and you now file a Claim Form, you will be treated as an FLSA Claimant and your New York State Labor Law Claim Form will be disregarded.**

### 5. Procedures

To receive a distribution from the settlement fund, you must timely complete and return the enclosed Claim Form according to instructions provided on the form, including: (1) an acknowledgement that, by signing the Claim Form, you wish to submit a claim and be subject to payment under the New York Labor Law; and (2) a release of claims consistent with that set forth in this Notice and the Claim Form. The Claim Form must be personally filled out by the current or former employee who seeks to participate in the settlement, or someone with a legal right to act on his or her behalf.

The Claim Form must be properly completed, signed, and mailed to the Settlement Claims Administrator via First-Class United States Mail, and post-marked by **[INSERT 45 days from mailing date]**. If you do not properly complete and timely submit the Claim Form, you will not be eligible to receive any monetary distribution.

You should keep in mind that if you do not opt out, and if you do not properly and timely complete and return the Claim Form in accordance with instructions provided on the form, you will not receive a distribution from the settlement fund, but you will still be a Class Member and will still be bound by the release of all New York Labor Law claims.

If the Court grants final approval of the settlement, this lawsuit will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendants through December 31, 2012, from all New York Labor Law claims asserted in the complaint in the lawsuit. This means that unless you opt out, you cannot sue, continue to sue, or be part of any other lawsuit against Defendants regarding the New York Labor Law claims brought in this lawsuit. It also means that all of the Court's orders will apply to you and legally bind you. In addition, anyone who submits a Claim Form or who previously submitted a Consent to Join the FLSA component of this lawsuit will fully release Defendants through December 31, 2012, from all Fair Labor Standards Act claims asserted in the complaint in the lawsuit.

3

### 6. How do I exclude myself from the settlement?

If you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this lawsuit or which could have been brought in this lawsuit, then you must take steps to exclude yourself from this lawsuit. If you intend to exclude yourself, you must mail a written, signed statement to the Settlement Claims Administrator stating, "I opt out of the Galaxy settlement," and include your name, email address, mailing address, and telephone number ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Settlement Claims Administrator via First-Class United States Mail, postage prepaid, and postmarked by **[INSERT 45 days from mailing date]**.

Settlement Claims Administrator<br>
FRG Information Systems Corp.<br>
P.O. Box 460 Peck Slip Station<br>
New York, NY 10272-0460<br>
RE: GALAXY

If you exclude yourself from this lawsuit and the settlement, you will not be allowed to submit a claim or object to the settlement as described in paragraph 11 below. If you do not opt out, you will still be a Class Member and will still be subject to the Court's orders and the Settlement Agreement, even if you do not submit a claim.

### 7. If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?

Yes and No. If you do not exclude yourself, you give up your right to sue Defendants under the New York Labor Law, but you still have a right to sue Defendants under the FLSA. If you submit a claim, or if you previously submitted a Consent to Join the FLSA component of this lawsuit, you will also give up your right to sue Defendants under the FLSA.

### 8. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit.

### 9. Do I have a lawyer in this case?

Steven Arenson, Esq., of Arenson Dittmar & Karban, located at 295 Madison Avenue, Suite 700, New York, New York 10017, telephone number (212) 490-3600, and Lloyd Ambinder, Esq., of Virginia & Ambinder, LLP, located at 111 Broadway, Suite 1403, New York, New York 10006, telephone number (212) 943-9080, represent you and the other Class Members as Class Counsel. You will not be charged separately for services performed by Arenson Dittmar & Karban and by Virginia & Ambinder LLP, as their fees are included in the proposed Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 10. How will the lawyers be paid?

Class Counsel will ask the Court to approve their fees plus litigation expenses and costs to be paid by Defendants. The fees would pay Class Counsel for investigating the facts, litigating the lawsuit, and negotiating and overseeing the settlement. The Court will ultimately decide the amount that will be paid to Class Counsel for their services. Class Counsel intends to seek fees not to exceed $660,000.00 plus costs and expenses not to exceed $45,000.00.

### 11. How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under the New York State Labor Law unless you have submitted a valid and timely request for exclusion. To object, you must send a letter to the Settlement Claims Administrator saying that you object to the settlement of *Sandoval, et al., v. Galaxy General Contracting Corp.*, S.D.N.Y. Docket No. 10 Civ. 5771 (PGG). Your statement must include all

reasons for the objection and any supporting documentation. Your statement must also include your name, email address, mailing address, and telephone number. If you wish to present your objection at the Fairness Hearing described below, you must state your intention to do so in your written objection. You will not be allowed to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection. Mail the objection to the Settlement Claims Administrator via First-Class United States Mail, postage prepaid, at the address below. Your objection will not be heard unless it is mailed to the Settlement Claims Administrator via First Class United State Mail, and postmarked by [45 days from mailing date].

Settlement Claims Administrator
FRG Information Systems Corp.
P.O. Box 460 Peck Slip Station
New York, NY 10272-0460
RE: GALAXY CLASS ACTION

The Settlement Claims Administrator will file your objection statement with the Court. You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

### 12. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### 13. Can I lose my job with Galaxy if I participate in this settlement?

The Galaxy Defendants are prohibited from discharging or in any way retaliating against you because of your decision to join this lawsuit.

### 14. Are undocumented aliens allowed to participate in the settlement?

Yes.

### 15. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 10:00 a.m. on August 15, 2013, at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York, 10007 in Courtroom 705. At this hearing, the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

### 16. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement by asking for a copy of the Settlement Agreement, by writing to Steven Arenson, Esq., of Arenson Dittmar & Karban, saseeksj@aol.com, 295 Madison Avenue, Suite 700, New York, New York 10017, telephone number (212) 490-3600; OR Lloyd Ambinder, Esq., of Virginia & Ambinder, LLP, Lambinder@vandallp.com, Trinity Centre, 111 Broadway, Suite 1403, New York, New York, 10006.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT
WITH QUESTIONS INVOLVING THIS LAWSUIT.**

Dated: New York, New York
       May __, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOISES SANDOVAL, MANUEL SANDOVAL, SALEH ALDAILAM, EMILIO TORRES, and FOUSSEYNOU DIALLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>GALAXY GENERAL CONTRACTING CORP., S & Z CONSTRUCTION CORP., MORNINGSIDE BUILDERS LLC, PUTNAM-DEEGAN L.P., STEVE ZERVOUDIS, and JOHN DOE BONDING COMPANIES 1 THROUGH 20,<br><br>Defendants. | 10 Civ. 5771 (PGG) |

## CLAIM FORM AND RELEASE
## INSTRUCTIONS

**In order to receive any portion of the settlement funds described in the Notice of Proposed Settlement ("Notice"), you must sign, date, and return this Claim Form and Release to the Settlement Claims Administrator postmarked by [45 days from mailing date].**

Settlement Claims Administrator
FRG Information Systems Corp.
P.O. Box 460 Peck Slip Station
New York, NY 10272-0460
RE: GALAXY GC

### CHANGES OF ADDRESS

It is **your responsibility** to keep a current address on file with the Settlement Claims Administrator. Please make sure to notify the Settlement Claims Administrator of any change of address.

Settlement Claims Administrator
FRG Information Systems Corp.
P.O. Box 460 Peck Slip Station
New York, NY 10272-0460
RE: GALAXY GC

## CLAIM FORM AND RELEASE

*THIS FORM MUST BE MAILED TO THE SETTLEMENT CLAIMS ADMINISTRATOR POSTMARKED BY_____ [45 DAYS FROM MAILING DATE].*

I understand that this lawsuit is being brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law. I hereby submit a claim for a proportionate share of the settlement fund in the case of *Sandoval, et al. v. Galaxy General Contracting Corp., et al.*, S.D.N.Y. Docket No. 10 Civ. 5771 (PGG). I understand that, as a Class Member, I am bound by any adjudication of this action by the Court, including the settlement agreement if it is approved by the Court.

My signature below constitutes a full and complete release and discharge of GALAXY GENERAL CONTRACTING CORP., S & Z CONSTRUCTION CORP., MORNINGSIDE BUILDERS LLC, PUTNAM-DEEGAN L.P., and STEVE ZERVOUDIS, individually, their present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them ("Releasees") by me and by my respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, from any and all wage-and-hour claims, demands, rights, liabilities, expenses, and losses of any kind, that I have, had, or might have had against Releasees based on any act or omission that occurred at any time up to and including December 31, 2012 related to any of the facts or claims alleged in this lawsuit, even if presently unknown and/or un-asserted, including but not limited to: The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.* and the wage-and-hour laws and regulations of the state of New York, including, the New York Labor Law, Articles 6 and 19, and all derivative benefit claims (both ERISA and non-ERISA benefits) interest on such claims, and attorneys' fees, expenses and costs, in exchange for a proportionate share of the Settlement Fund.

I declare under penalty of perjury that the above information is correct.

_____    _____
Named (print)                                           Signature


_____  _____  _____  _____  _____
Mailing Address   Street              City             Apt.         Zip Code


_____@_____._____       _____, 2013
E-Mail                                                          Date