UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/23/13

MOISES SANDOVAL, MANUEL SANDOVAL, SALEH ALDAILAM, and EMILIO TORRES, individually and on behalf of all others similarly situated,

                Plaintiffs,

- against -

GALAXY GENERAL CONTRACTING CORP., MORNINGSIDE BUILDERS LLC, PUTNAM-DEEGAN L.P., STEVE ZERVOUDIS, and JOHN DOE BONDING COMPANIES 1 THROUGH 20,

                Defendants.

**FINAL ORDER
APPROVING SETTLEMENT**

10 Civ. 5771 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

    WHEREAS, the Parties have made an application, pursuant to Rule 23(e) Fed. R. Civ. P. and 29 U.S.C. § 216(b), for an order approving settlement in the above-entitled action (the "Lawsuit") of the claims alleged, in accordance with a Settlement Agreement (the "Agreement"), which sets forth the terms and conditions for the settlement of the Lawsuit against Defendants and for dismissal of the Lawsuit against Defendants with prejudice upon the terms and conditions set forth therein; and an application for an award of professional fees and costs pursuant to 29 U.S.C. § 216(b) and N.Y. LAB. L. § 663;

    WHEREAS, the Court has read and considered the Agreement, the Declaration of Lloyd Ambinder, dated August 6, 2013; the Declaration of Steven Arenson, dated August 6, 2013; the Declaration of Brenda Bowen, dated August 6, 2013; and exhibits attached thereto;

WHEREAS, on April 29, 2013, this Court issued an order preliminarily approving the proposed settlement agreement and providing for notice of the settlement to the Class. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the Named Plaintiffs and the Class, as defined in the proposed Agreement. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court also scheduled a Fairness Hearing to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

WHEREAS, counsel for Plaintiffs has advised that no written objections to the settlement have been received and no one appeared at the Fairness Hearing, held on August 15, 2013, to voice an objection or otherwise be heard to contest the settlement.

WHEREAS, the Court is satisfied that the proposed settlement in this action meets both the procedural and substantive fairness.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of the Lawsuit, and over all parties to the Lawsuit, including all Class Members.

2. For purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

3. The following Class under Federal Rule of Civil Procedure 23(e), is certified for settlement purposes ("Settlement Class"):

> Each current and former employee of Galaxy General Contracting Corp., S&Z Construction Corp., Morningside Builders, LLC, Putnam-Deegan L.P. and/or Steve Zervoudis who is/was employed in the position of security guard and/or construction worker from July 30, 2004 to July 31, 2010. Managers, supervisors, officers, executives, managerial or administrative personnel are not part of this group.

4. The settlement set forth in the Agreement is approved and the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Named Plaintiffs and the Class, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

5. All terms and provisions of the Agreement shall be implemented.

6. Class Counsel's Request for an award of attorneys' fees in the amount of Six Hundred Forty Thousand Five Hundred Twenty-Eight and 37/100 Dollars ($640,528.37) is granted.

7. Class Counsel's Request for an award of costs for out-of-pocket expenses, including costs paid to the class administrator and the certified public accountant, in the amount of Forty-Five Thousand and 00/100 Dollars ($45,000.00), is granted.

8. Named Plaintiffs Moises Sandoval, Manuel Sandoval, Saleh Aldailam, Emilio Torres and Fousseynou Diallo shall receive service awards of Two Thousand Five Hundred Dollars ($2,500) each in reward for their efforts.

9. Class Members who have not properly and timely exercised their opt-out rights in the Lawsuit are conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the Agreement. All such matters are hereby finally concluded, terminated and extinguished.

10. The settlement of all claims brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and under the New York Labor Law, N.Y. LAB. L. §§ 190, *et seq.*, is approved. The settlement reflects a reasonable compromise over contested issues involving a bona fide dispute.

11. The Notice distributed to Class Members fully and accurately informed the Class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all Class Members complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

12. The Settlement Fund is to be distributed to the Class Members, pursuant to the Agreement, including the service awards to the Named Plaintiffs, professional costs and fees, and to satisfy the employer obligations to pay any and all employer taxes and withholdings on the settlement amount, as required by federal, state, and local law, all in accordance with the terms of the Agreement, to those individuals identified on the annexed Exhibit A.

13. All FLSA Claimants shall be required to sign a Claim Form and Release as a condition of receiving his or her settlement allocation.

14. Any settlement checks in the possession of the Claims Administrator that remain unclaimed or uncashed more than one hundred eighty (180) days from the date of issuance shall be returned by the Claims Administrator to the Defendants.

15. This Order shall not be binding under principles of res judicata or collateral estoppel as to any lawsuit commenced by any Class Member who possesses a Fair Labor Standards Act claim and (a) did not file a Claim Form, is not a Named Plaintiff, and/or did not opt-into the Lawsuit or (b) who filed an Opt-out Statement, in accordance with the terms of the Agreement.

16. Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement.

17. The Clerk of the Court is directed to terminate the motion (Dkt. No. 129) and to close this case.

Dated:  New York, New York
        August 23, 2013

                              SO ORDERED.

                              _____
                              Paul G. Gardephe
                              United States District Judge

# Exhibit A

**Approximate Allocation Schedule - Named Plaintiffs**

| Named Plaintiff | Amount Owed | |
|---|---|---|
| Aldailam, Saleh | $75,000.00 | (inclusive of proposed service award) |
| Diallo, Fousseynou | $25,000.00 | (inclusive of proposed service award) |
| Sandoval, Manuel | $85,000.00 | (inclusive of proposed service award) |
| Sandoval, Moises | $80,000.00 | (inclusive of proposed service award) |
| Torres, Emilio | $20,000.00 | (inclusive of proposed service award) |
| TOTALS: | $285,000.00 | |

**Approximate Allocation Schedule - FLSA Claimants**

| FLSA Claimant | Amount Owed | FLSA Claimant | Amount Owed |
| --- | --- | --- | --- |
| Aldailam, Mohammed | $40,231.09 | Santiago, Juan M. | $5,055.24 |
| Diawara, Samba | $2,818.26 | Serieux, Arnold | $4,118.77 |
| Fofana, Seydou | $7,847.69 | Serieux, John | $596.47 |
| Morales Rogel, Jose | $29,886.22 | Sesay, Mohamed | $4,719.04 |
| Saleh, Ali A. | $11,181.84 | Siby, Amara | $5,455.61 |
| Vargas, Harry | $1,881.96 | Suarez, Pable Enrique | $97.74 |
| Abdul, Razak | $7,429.61 | Suarez, Zenon | $133.69 |
| Andino, Zulma | $1,182.65 | Sylla, Moussa | $781.58 |
| Asamou, Ibrahima | $3,628.16 | Tellez, Sergio | $385.65 |
| Asiedu, Benjamin | $637.60 | Touh, Djanfarou | $8,048.47 |
| Bernard, Peter | $10.28 | Valdez, Richard | $82.27 |
| Brow, Owen | $30,974.74 | Windel, Henry | $5,849.49 |
| Bryan, Richard J. | $411.36 | | |
| Campell, John E. | $359.94 | | |
| Cruz, Primitivo Rend | $3,753.63 | | |
| Davis, Kashamar | $678.74 | | |
| Diawara, Boubou | $6,288.61 | | |
| Doucoure, Foule | $3,907.89 | | |
| Doucoure, Sammba | $28,244.40 | | |
| Drame, Mohamed | $740.44 | | |
| Hernandez, Gabriel | $1,182.65 | | |
| Hutchinson, Howard | $143.97 | | |
| Kebbeh, Ansumana | $431.92 | | |
| Kebbeh, Ebrima Jawara | $28,338.48 | | |
| Kebe, Salimou | $1,028.39 | | |
| Konate, Moussa | $1,678.33 | | |
| Konnateh, Madou | $304.40 | | |
| Montalvo, Carlos Man | $25,722.78 | | |
| Pratt, Bryant | $267.38 | | |
| Rodriguez, Roberto | $133.69 | | |
| Sacko, Salim | $246.81 | | |
| Samuel, Albert Alfon | $807.29 | | |
| Samura, Nyakosa | $31,238.16 | | |
| | | TOTALS: | $308,943.39 |

**Approximate Allocation Schedule - NYLL Claimants**

| NYLL Claimant | Amount Owed |
|---|---:|
| Cabrera, Nigxon | $1,592.00 |
| Cepeda, Francisco | $5,504.97 |
| Diabira, Mohamedi | $36.00 |
| Diakite, Mamadou | $0.00 * |
| Dembele, Massire | $4,062.50 |
| Diarra, Mousse | $8,481.00 |
| Djibril, Siby | $7,483.00 |
| Fassa, Bandiougou | $5,299.60 |
| Fofana, Lassana aka Macire Dansoko | $9,728.60 |
| Fofana, Mohamadou | $5,806.38 |
| Gonzalez, Lazaro | $162.00 |
| Green, Joseph | $13,749.10 |
| Hill, Anthony J. | $328.00 |
| Lambo, Abdul | $14,043.75 |
| Lopez, Carlos R. | $2,906.40 |
| Magassa, Karamoko | $15,809.61 |
| McKenzie, Ronald | $68.00 |
| Ouldbilal, Mohamed | $6,100.75 |
| Pearson, General H. | $15,012.62 |
| Roscher, Derrick | $168.00 |
| Sandoval, Joel | $180.00 |
| Siby, Mahamadou | $27.00 |
| Siby, Mbaba | $2,594.35 |
| Sillah, Mohamed | $9,850.58 |
| Sylla, Mahamadou | $21,574.00 |
| Tifue, Javier Joseph | $440.00 |
| Tounkara, Makhamba | $7,389.30 |
| Toure, Mohamed | $884.00 |
| TOTALS: | $159,281.51 |

* Note: the above claim falls outside the time period covered by the definition of the Class in this action (security guards and/or construction workers who were employed between July 30, 2004, and July 31, 2010), and therefore is not entitled to a recovery.